UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC R. FERGUSON,

                Plaintiff,

        v.

SGT. JONES #24, OFFICER SECKERSON
# 741, and OFFICER LAWRENCE #1041,

                Defendants.

**MEMORANDUM OPINION
& ORDER**

10 Civ. 817 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se plaintiff Eric R. Ferguson brings this action under 42 U.S.C. § 1983, alleging that Defendants assaulted him while he was incarcerated at the Westchester County Jail. Defendants have moved to dismiss, arguing that Ferguson failed to exhaust his administrative remedies. Ferguson has not filed any opposition to Defendants' motion. For the following reasons, Defendants' motion to dismiss will be converted to a motion for summary judgment and granted.

**BACKGROUND**

        The Complaint alleges that Officer Lawrence, Sergeant Jones, and Officer Seckerson assaulted Ferguson in the Special Housing Unit at the Westchester County Jail on October 15, 2009.[1] Ferguson describes the events as follows:

> I was getting handcuffed to go to court[.] [A]fter the handcuffs were on my cell popped open. Officer Lawrence told me to face the wall and when I did he forcefully grabbed me and when I yanked my arm away [from] him Officer Seckerson and Sgt. Jones tackled me while I had handcuffs on and started punching me stating I was a threat!

---

[1] The Complaint – which was filed on February 3, 2010 – does not specify a year, but the context indicates that Plaintiff is complaining about actions taken in 2009.

> Officer James, Officer Seckerson, and Sgt. James all punched me in my face, stomach, head and back!

(Cmplt. ¶ II(D))  Ferguson alleges that he suffered "a black eye, busted lip, and bruises."  He "tried to get medical attention but was denied because [he] had court but when [he] came back [he] was not treated."  (Cmplt. ¶ III)

The Complaint indicates that the Westchester County Jail has a grievance procedure, although Ferguson states that he does not know if the procedure covers some or all of his claims.  (Cmplt. ¶ IV(B)-(D))  Ferguson asserts that he filed a grievance addressing all of his complaints, but that he "did not receive a response at all."  (Cmplt. ¶ IV(F)(2))  Ferguson claims that he "gave the grievance to the 7-3 Sgt. on the 16th of October and never rec[ei]ved a[n] answer and when I did ask about my grievance they stated I did not put a grievance in!"  (Cmplt. ¶ IV(I))

## DISCUSSION

### I.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff."  Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to

the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

Rule 12(d) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "The essential inquiry in determining whether it is appropriate to convert a motion [to dismiss] into a motion for summary judgment is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Costor v. Sanders, No. 07 Civ. 11311(NRB), 2009 WL 1834374, at *2 (S.D.N.Y. June 16, 2009) (internal quotation omitted).

Here, material outside the pleadings – including an affidavit and copies of the Westchester County Department of Correction's Inmate Rules & Regulations Handbook and inmate grievance procedure – has been submitted to the Court. In accordance with Local Civil Rule 56.2, Defendants gave notice to Ferguson that the Court might treat Defendants' Rule 12(b)(6) motion as a motion for summary judgment, and informed Ferguson that if he did not respond "by filing sworn affidavits or other papers as required by Rule 56(e)," his

"COMPLAINT MAY BE DISMISSED." (See Dkt. No. 13 ("Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings") (emphasis in original)). Accordingly, the Court elects to convert Defendants' Rule 12(b)(6) motion to one for summary judgment.

Summary judgment is warranted when the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). "'[W]here the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim.'" Lesavoy v. Lane, No. 02 Civ. 10162, 2008 WL 2704393, at *7 (S.D.N.Y. July 10, 2008) (quoting Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991)).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995)).

## II.     PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

A.     **<u>Applicable Law</u>**

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  <u>Espinal v. Goord</u>, 558 F.3d 119, 124 (2d Cir. 2009) (quoting <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002)).  "[C]ompliance with state procedural rules is necessary to achieve '[t]he benefits of exhaustion [that] can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.'"  <u>Id.</u> (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 95 (2006)).

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself.'"  <u>Id.</u> (quoting <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007)).  "'[P]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules' as a precondition to filing a federal lawsuit."  <u>Id.</u> (quoting <u>Woodford</u>, 548 U.S. at 90).  Because "'it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion,' . . . [t]he exhaustion inquiry . . . requires that we look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures."  <u>Id.</u> (quoting <u>Jones</u>, 549 U.S. at 218).

"Exhaustion of administrative remedies is an affirmative defense that defendants bear the burden to raise and prove."  <u>Land v. Kaufman</u>, No. 07 Civ. 8070(GEL), 2009 WL 1106780, at *5 (S.D.N.Y. Apr. 23, 2009) (citing <u>Jones</u>, 549 U.S. at 204, 211-17).  Exhaustion

5

may be excused where "'(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement.'" Chisholm v. N.Y. City Dept. of Corr., No. 08 Civ. 8795(SAS), 2009 WL 2033085, at *2 (S.D.N.Y. July 13, 2009) (quoting Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006)).

### B.      Plaintiff Failed To Exhaust His Administrative Remedies

Pursuant to the Westchester County Department of Correction ("WCDOC") Inmate Rules and Regulations Handbook, inmates who wish to pursue a grievance must first make an informal initial complaint to the block officer, who will "log the complaint in the complaint log and try to resolve it on their own." (Spicer Decl., Ex. D at § IX(1))  If the complaint cannot be resolved by the block officer, "he will refer it to the Sector Supervisor for resolution," but although the sector supervisor will "attempt to resolve the complaint at his/her level, . . . that does not mean [the inmate] cannot request a grievance form." (Id. at § IX(2), (3))  If the sector supervisor is unable to resolve the complaint, inmates may file a grievance using a form available from the block officer or law library. (Id. at § IX(4))

Notwithstanding the informal grievance procedure, an inmate who wishes to pursue a grievance must file a formal grievance – using a grievance form – within five days of the incident. (Id. at § IX(5)  Within five days of receiving the grievance the Grievance Coordinator must "issue a written determination specifying the facts and reason for his decision." (Id. at § IX(5), (7))  A copy of this determination is given to the inmate, who then has two business days to file an appeal to the Facility Grievance Coordinator ("FGC"). (Id. at § IX(8))

The FGC must issue a determination within five days of receiving an appeal. (Id. at § IX(9)) Within three days of receiving the FGC's determination, the inmate may appeal to the State Commission of Correction by "indicating his/her desire to appeal on the inmate grievance form in the space provided." (Id. at § IX(11)) The FGC will then mail the appeal to the New York State Commission of Correction's Citizen's Policy and Complaint Review Council, and will provide the inmate with a receipt indicating the date the appeal was submitted to the Council. (Id. at § IX(12), (13)) The Council will issue a written decision concerning the appeal within forty-five business days of receiving the appeal, and a copy of the decision will be sent to the inmate. (Id. at § IX(14))

Here, the Complaint asserts that Ferguson submitted a grievance to a sergeant the day after the attack occurred, that he subsequently inquired about the grievance, and was then told that he had not filed a grievance. (Cmplt. ¶ IV(I))

In support of their motion, Defendants have submitted an affidavit from Wanda D. Smithson, Warden of the Jail Division of the WCDOC, who is responsible for overseeing the day-to-day operations of the Inmate Grievance Program and for maintaining the records concerning the program. Warden Smithson avers that

> [a] Grievance Log is maintained by the Jail Division. The Grievance Log catalogs every formal grievance filed by an inmate/detainee in that division. The following information is recorded in the Grievance Log for each formal grievance: name of grievant, date grievance was received, identifying number of the grievance, nature of grievance, name of staff member conducting investigation, date grievance was investigate[d], etc.

(Spicer Decl., Ex. B (Smithson Aff.) ¶ 15) Warden Smithson further states that she has reviewed Ferguson's complaint and the Grievance Log from Ferguson's cell block, and that her review of these materials revealed that Ferguson "never filed a grievance in relation to any of the matters upon which the Complaint is based." (Id. at ¶ 16) Indeed, Warden Smithson "found no record

7

of Plaintiff having ever filed any Grievance with the WCDOC in relation to the allegations set forth in the Complaint."  (Id.)

Ferguson has not submitted any opposition to Defendants' motion, despite being warned that

> THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). . . . Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial.  Any witness statements[] must be in the form of affidavits.  You may submit your own affidavit and/or the affidavit of others.

(Dkt. No. 13)

Defendants have met their burden to demonstrate that Ferguson has not exhausted his administrative remedies.  In light of Warden Smithson's affidavit, "Plaintiff's unsupported allegation [in the Complaint] that he filed a grievance . . . is insufficient to withstand a motion for summary judgment."  See Santiago v. Murphy, No. 08-CV-1961(SLT), 2010 WL 2680018, at *3 (E.D.N.Y. June 30, 2010); see also Hicks, 593 F.3d at 166 (quoting Fletcher, 68 F.3d at 1456) ("'[M]ere conclusory allegations . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'"); Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) ("Proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." (internal quotations omitted)).

Having determined that Ferguson failed to exhaust his administrative remedies, the Court must next consider whether one of the three exceptions to the exhaustion requirement

applies. See Chisholm, 2009 WL 2033085, at *2. With respect to availability of administrative remedies, there is no dispute that Ferguson received and was aware of WCDOC's Inmate Rules and Regulations Handbook (see Spicer Decl., Ex. B at ¶ 8; Ex. C; Cmplt. at 4-5), which sets forth WCDOC's informal and formal grievance procedures. Moreover, there is no evidence that Ferguson was threatened or otherwise prevented from satisfying the grievance procedures. Cf. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (remanding case to the district court to determine whether some seemingly available remedies were rendered unavailable by threats from correction officers); Macias v. Zenk, 495 F.3d 37, 45 (2d Cir. 2007) (same). Finally, no special circumstances have been alleged that would justify Ferguson's failure to comply with the exhaustion requirement. The evidence before this Court demonstrates that Ferguson simply never filed a formal grievance as required by WCDOC's rules. Accordingly, no exception to the exhaustion requirement applies here.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's complaint is converted to a motion for summary judgment and is GRANTED. The Clerk of the Court is directed to terminate the motion (Dkt. No. 10) and to close this case. The Clerk will mail a copy of this order to pro se plaintiff Eric R. Ferguson, # 09-A-6211, Clinton Correctional Facility, P.O. Box 2002, Dannemora, NY 12929.

Dated: New York, New York
September 12, 2011

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge